UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHINYERE U. NWOKE, | ) | |
| | ) | |
| Plaintiff, | ) | 19 C 358 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| THE UNIVERSITY OF CHICAGO MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is Chinyere Nwoke's second suit against her former employer, The University of Chicago Medical Center ("UCMC"). Doc. 28. The first, still pending and now at the summary judgment stage, is *Nwoke v. University of Chicago Medical Center*, 16 C 9153 (N.D. Ill.) ("*Nwoke I*") (Alonso, J.). UCMC moves to dismiss or stay the present suit in light of *Nwoke I*. Doc. 30.

"The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888 (7th Cir. 2012) (alteration and internal quotation marks omitted). "A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Id*. at 889 (internal quotations marks omitted); *see also Northern v. John H. Stroger, Jr. Hosp. of Cook Cnty.*, 676 F. App'x 607, 608 (7th Cir. 2017) ("In [the plaintiff's] second case, he sues the same defendant … , invokes the same legal claim … , recites the same narrative … , and seeks the same relief … as his earlier-filed lawsuit. So the district court reasonably dismissed the second suit without prejudice.").

1

Under that standard, this case is duplicative of *Nwoke I*. The parties are the same in both cases. *Compare* Doc. 28 (19 C 358) at ¶¶ 6-9 (Nwoke and UCMC), *with* Doc. 1 (16 C 9153) at ¶¶ 7-11 (same). Although the legal theories differ between the two cases—*e.g.*, Nwoke invokes 42 U.S.C. § 1981 in this case, Doc. 28 (19 C 358) at ¶¶ 32-40, and Title VII in *Nwoke I*, Doc. 1 (16 C 9153) at ¶¶ 60-61—the underlying factual allegations are largely identical. *Compare* Doc. 28 (19 C 358) at ¶¶ 10-31 (alleging an escalating pattern of discrimination by UCMC since 2011 that culminated in Nwoke's 2016 termination), *with* Doc. 1 (16 C 9153) at ¶¶ 12-59 (same). The relief Nwoke seeks—lost wages, other compensatory damages, punitive damages—is essentially the same in both cases. *Compare* Doc. 28 (19 C 358) at p. 9, *with* Doc. 1 (16 C 9153) at p. 11.

The court in *Nwoke I* denied Nwoke's multiple attempts to amend her complaint. Docs. 79, 96, 152 (16 C 9153). In her first attempt, Nwoke sought to add more detailed factual allegations as well as hostile work environment and intentional infliction of emotional distress ("IIED") claims. Doc. 55 (16 C 9153) at pp. 4-42. Despite the court's denial of that motion, which was based on undue delay, prejudice to UCMC, and futility, Doc. 201 (16 C 9153) at 6-7, Nwoke included those rejected allegations and claims in the present suit's operative complaint. *Compare*, *e.g.*, Doc. 55 (16 C 9153) at p. 5, ¶ 23 (alleging a racially discriminatory incident on November 7, 2011), p. 41 at ¶¶ 210-211 (hostile work environment claim), p. 42 at ¶¶ 217-219 (IIED claim), *with*, *e.g.*, Doc. 28 (19 C 358) at ¶ 11 (alleging the same November 7, 2011 incident), ¶¶ 32-34 (hostile work environment claim), ¶¶ 37-40 (IIED claim). In her most recent attempt to amend her complaint in *Nwoke I*—which the court denied on the grounds of "undue delay, undue prejudice, and bad faith"—Nwoke sought to add allegations about a supervisor's mimicry of her accent as well as a pay discrimination claim. Doc. 164 (16 C 9153) at 6-10. Nwoke's operative complaint in the present suit includes a similar allegation and claim. *See*

Doc. 28 (19 C 358) at ¶ 20 (alleging that "Nwoke's supervisor … mimicked Nwoke's accent"), ¶¶ 35-36 (asserting a pay discrimination claim against UCMC).

There is tremendous overlap between the allegations and claims in the present suit and those in *Nwoke I*. To the extent the present case makes allegations or brings claims not asserted in *Nwoke I*, the explanation is largely, if not exclusively, that Nwoke is engaged in impermissible claim splitting; she either was denied leave to amend to make those allegations or bring those claims in *Nwoke I*, or could have tried to do so in *Nwoke I* but neglected to do so. *See Arrigo v. Link*, 836 F.3d 787, 799 (7th Cir. 2016) ("To allow the second lawsuit to continue would render meaningless … the district court's denial of [the] motion for leave to amend to add the same claims [in the first lawsuit]. … [I]t is widely accepted that appeal is the plaintiff's only recourse when a motion to amend is denied as untimely.") (internal quotation marks omitted); *Chi. Title Land Tr. Co. v. Potash Corp. of Sask. Sales Ltd.*, 664 F.3d 1075, 1081 (7th Cir. 2011) ("Claim splitting is not a way around res judicata. To the contrary, the principle that res judicata prohibits a party from later seeking relief on the basis of issues which might have been raised in the prior action also prevents a litigant from splitting a single cause of action into more than one proceeding.") (alteration and internal quotation marks omitted); *Elmhurst Lincoln-Mercury, Inc. Emps. 401(k) Profit Sharing Plan & Trust v. Mears*, 215 F. Supp. 3d 659, 665-68 (N.D. Ill. 2016) (applying the claim splitting doctrine in the context of the denial of leave to amend in an earlier suit). Indeed, in a similar case where, "after the district court denied [the plaintiff's] motion for leave to amend to add [certain] claims, she filed a new lawsuit asserting those same claims," the Seventh Circuit affirmed the dismissal of the second suit before final judgment had entered in the first suit. *Arrigo*, 836 F.3d at 793, 798. In reasoning that applies with equal force here, the Seventh Circuit explained that allowing the second lawsuit "to proceed … would result

3

in the very prejudice and inefficiency that the denial of the untimely amendment … was intended to avoid." *Id*. at 800.

Although dismissal of the present suit would be appropriate, *see McReynolds*, 694 F.3d at 888-89, in the exercise of the court's discretion, this case will be stayed rather than dismissed. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) ("No rule … requires the dismissal of a second or successive civil suit, even if another concerning the same controversy is pending. … [A] federal judge may stay an action when some other suit offers the advantage of a speedy and comprehensive solution … ."); *see also Arrigo*, 836 F.3d at 800 (explaining that, even if a second suit is not dismissed before the first suit reaches judgment, the same result—claim preclusion—may obtain once final judgment enters in the first suit). Once judgment is entered in *Nwoke I*, the court will assess (with the parties' input) which claims in the present case are precluded by that judgment and which (if any) claims in the present case may proceed. Until then, it would waste judicial and party resources to allow Nwoke to litigate both cases simultaneously.

April 8, 2019                         _____
                                                     United States District Judge