UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHINYERE U. NWOKE, | ) | |
| | ) | |
| Plaintiff, | ) | 19 C 358 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| THE UNIVERSITY OF CHICAGO MEDICAL CENTER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

This is Chinyere Nwoke's second suit against her former employer, The University of Chicago Medical Center ("UCMC"). Doc. 28. Last year, the court stayed this suit pending resolution of the first suit, *Nwoke v. The University of Chicago Medical Center*, 16 C 9153 (N.D. Ill.) ("*Nwoke I*") (Alonso, J). Docs. 43-44. The *Nwoke I* court recently entered judgment in UCMC's favor. Because the *Nwoke I* judgment bars Nwoke's claims here under the claim preclusion doctrine, this suit is dismissed with prejudice.

**Background**

Nwoke filed *Nwoke I* in September 2016, alleging that UCMC violated Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq. Nwoke I*, ECF No. 1. The *Nwoke I* court recently granted summary judgment to UCMC on those claims. *Nwoke I*, ECF Nos. 434-435 (reported at 2020 WL 1233829 (N.D. Ill. Mar. 13, 2020)).

During the pendency of *Nwoke I*, Nwoke moved for leave to amend her complaint to make new factual allegations and to add a Title VII hostile work environment claim, a Title VII race- and retaliation-based harassment claim, and an intentional infliction of emotional distress

1

("IIED") claim. *Nwoke I*, ECF No. 54; *id.*, ECF No. 55 at pp. 4-42. The *Nwoke I* court denied

that motion on grounds of undue delay, unfair prejudice, and futility. *Id.*, ECF No. 79, ECF No.

201 at 6-10. Nwoke later moved again for leave to amend her complaint, this time to add a pay

discrimination claim and allegations about a supervisor's mimicry of her accent. *Id.*, ECF No.

129; *id.*, ECF No. 147 at pp. 9, 11, 16-17, ¶¶ 20, 31, 60-63, 70-71. The *Nwoke I* court denied

that motion on grounds of undue delay, unfair prejudice, and bad faith. *Id.*, ECF No. 152; *id.*,

ECF No. 164 at 6-10.

In this case, Nwoke brings claims under 42 U.S.C. § 1981, the Equal Pay Act, 29 U.S.C.

§ 206(d), the Lilly Ledbetter Fair Pay Act of 2009, and the Illinois IIED tort. Doc. 28. As with

her first suit, Nwoke alleges that she was subjected to unlawful and discriminatory treatment

while employed with UCMC. Her complaint includes many of the specific allegations and

claims that were the subject of the unsuccessful motions for leave to amend in *Nwoke I*.

*Compare Nwoke I*, ECF No. 55 at p. 5, ¶ 23 (alleging a racially discriminatory incident on

November 7, 2011), p. 33, ¶ 182 (alleging that she did not receive a raise), p. 41, ¶¶ 210-211

(hostile work environment claim), p. 42, ¶¶ 217-219 (IIED claim); *id.*, ECF No. 129; *id.*, ECF

No. 147 at pp. 9, 11, ¶¶ 20, 31 (alleging that a supervisor mimicked her accent), pp. 16-17, ¶¶ 60-

63, 70-71 (pay discrimination claim); *and id.*, ECF No. 141 at 4 (describing allegations that

UCMC employees sought legal advice about her and physically chased her), *with* Doc. 28 at ¶ 11

(alleging the same November 7, 2011 incident), ¶¶ 17-18 (alleging that UCMC executives sought

legal advice about her), ¶ 19 (alleging that UCMC executives "took turns to physically pursue

Nwoke on hospital hallways"), ¶ 20 (alleging that "Nwoke's supervisor … mimicked Nwoke's

accent"), ¶ 28 (alleging that she was denied promotions), ¶¶ 32-34 (hostile work environment

claim), ¶¶ 30, 35-36 (pay discrimination claim), ¶¶ 37-40 (IIED claim).

**Discussion**

UCMC argues that the *Nwoke I* judgment precludes the claims she brings here. Because UCMC's argument implicates the preclusive effect of a federal judgment in a federal question case, the federal law of claim preclusion applies. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("For judgments in federal-question cases … federal courts participate in developing uniform federal rules of res judicata … .") (internal quotation marks and alteration omitted). The claim preclusion doctrine provides that "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* at 892 (internal quotation marks omitted). Claims that "were, or could have been, decided in a prior suit" are precluded, "so long as there is (1) an identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the merits." *United States ex rel. Conner v. Mahajan*, 877 F.3d 264, 271 (7th Cir. 2017) (alteration and internal quotation marks omitted). All three requisites of claim preclusion are present here.

*Identity of Parties*. The parties are the same in both cases: Nwoke and UCMC.

*Identity of Causes of Action*. Whether there is an identity of causes of action between two suits depends on "whether the claims arise out of the same set of operative facts or the same transaction." *Kilburn-Winnie v. Town of Fortville*, 891 F.3d 330, 333 (7th Cir. 2018) (quoting *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013)). For this requirement to be satisfied, the claims in the two suits must be "based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." *Bernstein*, 733 F.3d at 226 (internal quotation marks omitted). UCMC argues that there is a shared identity of the causes of action because both suits turn on the mistreatment Nwoke allegedly suffered during her employment with UCMC. Doc. 79 at 8; Doc. 81 at 3. Nwoke cursorily asserts that the relief sought and causes of action differ

3

between the two suits, but she fails to explain her position or cite supporting case law. Doc. 78 at 1-3.

As this court noted when staying this case, Doc. 44, and as detailed in the Background section, while the legal theories Nwoke pursues here differ from those she pursued or attempted to pursue in *Nwoke I*, the underlying factual allegations are largely identical. As noted, the crux of both suits is the discriminatory treatment that Nwoke allegedly endured while employed at UCMC. It follows that there is an identity of the causes of action in both cases. *See Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015) ("Yes, the second case is a little different from the first in that it complains about age discrimination and presents a different theory of retaliation. Yes, [the plaintiff] needed to get her right-to-sue letter before she could bring claims in the second suit. But both suits arise out of the same main event: the [employer]'s decision not to retain [the plaintiff] on its faculty."); *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011) ("Because both of [the plaintiff's] federal claims and [her] new state-law claims are based on the same set of factual allegations as [her] § 1983 claim, res judicata bars [the plaintiff's] Title VII claim and [her] state-law claims.").

Granted, some of Nwoke's factual allegations in this case appear not to have been presented in the operative complaint or any of the proposed amended complaints in *Nwoke I*. Doc. 28 at ¶¶ 15-16 (alleging that Nwoke's coworker prevented her from putting her approved hours on the schedule); ¶¶ 21-22 (alleging that UCMC's Executive Director wrote in emails that she may "kill or fire" Nwoke and that she had a long fuse with Nwoke and had reached her limit), ¶ 24 (alleging that Nwoke "feared that her coworker added poison to [her] food" on January 17, 2016), ¶ 29 (alleging that UCMC denied Nwoke's request to be transferred out of a Senior Executive and Chief Nursing Officer's department). But the claims in the two suits still

4

share a set of core operative facts, as they turn on Nwoke's allegations of broad and wide-ranging mistreatment she experienced while employed at UCMC. *Nwoke I*, ECF No. 141 at 3 ("A 13-hour deposition is not enough for Plaintiff to narrate everything that was done to [her] … ."). Thus, despite Nwoke's pleading certain factual allegations here that she did not plead or attempt to plead in *Nwoke I*, the identity of causes of action component of claim preclusion is still satisfied. *See Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993) ("If the plaintiff here had had an employment contract which protected her from being fired without cause, and she claimed that she was fired in violation both of the contract and of Title VII, these two claims would be the same claim for purposes of res judicata because, although they would not have the identical elements, the central factual issue would be the same in the trial of each of them."); *see also Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 559 (7th Cir. 2014) (holding that there was an identity of claims under Illinois claim preclusion law because the claims in the two suits arose from connected transactions, even though the second suit "add[ed] allegations relating to salary and promotions that were not mentioned" in the first suit, as the "allegations ar[o]se out of the same facts underlying the [first] suit—[the plaintiff's] job conditions … and … discharge"). This conclusion is bolstered by the fact that Nwoke referenced many of those factual allegations in opposing an earlier summary judgment motion in *Nwoke I*. *See Nwoke I*, ECF No. 206 at ¶¶ 1, 42 (referencing the "kill or fire" email), ¶ 51 (referencing the "long fuse" email); ¶ 79 (stating that her coworker prevented her from putting her approved hours on the schedule); *id.*, ECF No. 207 at ¶ 18 (referencing the "kill or fire" email), ¶ 20 (referencing the "long fuse" email), ¶ 44 (referencing her request to be transferred out of the department). In any event, Nwoke surely could have asserted those other allegations in *Nwoke I*, so claim preclusion applies regardless of whether she in fact did so. *See Nayak v. Farley*, 763 F.

App'x 570, 572 (7th Cir. 2019) ("[T]he [claim preclusion] doctrine bars not only claims actually decided in the prior suit, but also all other claims that could have been brought."); *Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011) ("The doctrine of res judicata bars not only those issues actually decided in the prior suit, but all other issues which could have been brought.") (alteration and internal quotation marks omitted); *Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 743 (7th Cir. 2006) ("[R]es judicata bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action.") (internal quotation marks omitted).

  *Final Judgment on the Merits.*  Under federal law, a judgment is "final" for claim preclusion purposes when "the district court has finished with the case." *Czarniecki*, 633 F.3d at 549 (internal quotation marks omitted).  The *Nwoke I* judgment certainly is final as to the claims resolved on summary judgment.  *See ibid.* ("There is no question that the district court's grant of summary judgment … has given rise to a final judgment … .").  The *Nwoke I* judgment also is final as to the claims for which Nwoke sought and was denied leave to amend.  *See Arrigo v. Link*, 836 F.3d 787, 799 (7th Cir. 2016) ("To allow the second lawsuit to continue would render meaningless … the district court's denial of [the] motion for leave to amend to add the same claims [in the first lawsuit]. … [I]t is widely accepted that appeal is the plaintiff's only recourse when a motion to amend is denied as untimely.") (internal quotation marks omitted); *see also Hatch v. Trail King Indus., Inc.*, 699 F.3d 38, 45-46 (1st Cir. 2012) ("It is well settled that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading.") (internal quotation marks omitted); *Prof'l Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003) (similar); *N. Assurance Co. of Am. v. Square*

6

*D Co.*, 201 F.3d 84, 88 (2d Cir. 2000) ("Where the plaintiff is seeking to add additional claims against the same defendant and leave to amend is denied, claim preclusion is appropriate.").

Because all three requirements of claim preclusion are satisfied, the *Nwoke I* judgment precludes Nwoke's claims here.

## Conclusion

This suit is dismissed with prejudice. *See Bernstein*, 733 F.3d at 224 ("[A] dismissal on res judicata grounds … is a dismissal with prejudice.") (emphasis omitted). Judgment will be entered in UCMC's favor.

June 4, 2020

_____
United States District Judge

7